FRANK J. FLYNN, PROSECUTOR, v. HORACE L. BYRAM, CHIEF OF POLICE OF THE CITY OF ASBURY PARK; ROLAND H. LOOG, ACTING CITY MANAGER OF SAID CITY, AND CITY OF ASBURY PARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENTS.

Submitted October 16, 1936—Decided April 5, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *Lester C. Leonard*.

For the respondents, *Ward Kremer*.

The opinion of the court was delivered by

PARKER, J.   This is a *certiorari* bringing up "certain proceedings and acts resulting in the removal of the said Frank J. Flynn from the office of lieutenant of police of the city of Asbury Park, his reduction in rank to that of patrolman, with an attendant decrease in salary," &c.   We quote the language of the writ.

Asbury Park, organized as a city under an appropriate statute, seems to have adopted the Municipal Manager act. *Pamph. L.* 1923, *p.* 217; *Cum. Supp. Comp. Stat.* 1911-1924, *pp.* 2502 *et seq.; Supp. Comp. Stat.* 1930, *p.* 1281.   The city subsequently defaulting on its obligations, a municipal finance commission was appointed.   *Pamph. L.* 1931, *p.* 830. (Citation of supplements and amendments of these acts is needless for present purposes.)   The city having a proprietary interest in its beach front, and being under control of a municipal finance commission, a beach commission was

appointed pursuant to *Pamph. L.* 1936, *p.* 372, and proceeded to take over the control of the beach front. *Hetrick* v. *Roberts,* 117 *N. J. L.* 584. In the course of administering this complicated municipal structure, the state auditor detailed by the finance commission to supervise the finances of Asbury Park, advised the acting city manager that the cost of the police department, something over $120,000, was too high and must be cut to $100,000. The city manager thereupon abolished all intermediate grades between patrolmen and captain, thereby reducing Flynn, the prosecutor, among others, from lieutenant to patrolman, and cutting his salary from $2,300 to $2,065.50. There were other cuts of similar but not identical amounts. Three officers were laid off. A retired chief and a retired captain were recalled to duty. The total saving effected was about $22,000.

This readjustment the prosecutor challenges, as to himself, on three grounds: we take up the third ground first, viz., that the reduction was not for the purposes of economy, and that as respects any other purposes, he is protected by the veteran and tenure statutes. But we think the evidence satisfactorily shows that the reductions were made in good faith and for reasons of meeting the requirement imposed by the finance commission, that the budget be cut down.

The second ground is that the law (*Pamph. L.* 1934, *p.* 310) requires reduction in rank to be to the next lower rank, which would be that of sergeant. The answer is that all ranks under that of captain and over that of patrolmen were discontinued, so that "the next lower rank" would be that of patrolman.

The first ground assigned is that the reduction was not made by the governing body.

It was made by the direction of the city manager, and consequently was his act, pursuant to power of appointment and removal vested in him by the statute. *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2521, § 804 (d); *Pamph. L.* 1923 (at *p.* 229). It was duly reported to the municipal council, and approved by that body. *Ibid., p.* 225, &c.

So far as we can discern, the proceedings were regular and *bona fide.* The writ is dismissed, with costs.